IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROCK MEDICAL GROUP, LLC,<br><br>                Plaintiff,<br><br>     v.<br><br>KAYLA NICHOLS,<br><br>                Defendant. | 8:23CV52<br><br>**MEMORANDUM<br>AND ORDER** |

        On February 9, 2023, plaintiff Rock Medical Group, LLC ("Rock Medical"), a healthcare staffing agency, sued (Filing No. 1) one of its former employees, defendant Kayla Nichols ("Nichols"), claiming she improperly usurped its business opportunities. In its amended complaint (Filing No. 18), Rock Medical asserted claims for breach of contract, unjust enrichment, breach of the duty of loyalty, tortious interference, conversion, misappropriation of trade secrets, and deceptive trade practices under Nebraska law. It further alleged Nichols's actions violated the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836 (civil proceedings), and the Computer Fraud and Abuse Act of 1986, 18 U.S.C. § 1030 *et seq*.

        On June 20, 2023, Rock Medical moved for default judgment (Filing No. 12) due to Nichols's failure to answer or otherwise respond to the complaint. *See* Fed. R. Civ. P. 55(b)(2); NECivR 55.1(c); *Cutcliff v. Reuter*, 791 F.3d 875, 882 (8th Cir. 2015). It sought $155,760 in damages and $9,581.50 in attorney fees.

        On Rock Medical's motion, the Court held an evidentiary hearing on August 24, 2023 (Filing No. 16). *See* Fed. R. Civ. P. 55(b)(2); *KD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 601 (8th Cir. 2021). Nichols reportedly received notice of the claims against her and the evidentiary hearing but chose not to attend or otherwise inform the Court of her position. According to Rock Medical's counsel, she responded by email, disparaging

their "Fake Federal Case" and making derogatory remarks about Rock Medical. The hearing went forward without her.

After reviewing the evidence Rock Medical presented at the hearing and the balance of the record, the Court granted Rock Medical's motion in part and denied it in part (Filing No. 22). In short, the Court determined Rock Medical had established Nichols was liable for breach of contract and DSTA violations but failed to prove its purported lost profits by a preponderance of the evidence. *See Oberstar v. FDIC*, 987 F.2d 494, 505 n.9 (8th Cir. 1993) (explaining "a party entitled to judgment by default is required to prove the amount of damages that should be awarded").

On September 12, 2023, the Court entered judgment against Nichols in the amount of $77,081, which consisted of $67,760 in compensatory damages and $9,321 in attorney fees (Filing No. 23). The Court also awarded post-judgment interest. *See* 28 U.S.C. § 1961. Nichols did not appeal.

Now before the Court is Nichols's *pro se* Request for Reconsideration (Filing No. 30). In a short letter to the Court, she reports that she paid her former counsel "thousands of dollars with the expectation that [her] case would be properly defended" but "no formal defense was filed on [her] behalf" because her counsel demanded "an additional $5,000 . . . to continue defending the matter in Federal Court."

According to Nichols, she has since learned "the owners of Rock Medical Group . . . are currently under investigation for fraud in Federal Court." Reporting that she "strongly believe[s] that the claims they brought against [her] were also based on fraudulent misrepresentations," Nichols requests "the opportunity to properly defend [herself] in this case with new legal counsel." Beyond that, Nichols neither denies she was aware of the default-judgment hearing nor explains why she did not attend or contact the Court before now.

Nichols does not state a statutory or procedural basis for her request. Courts often construe requests for reconsideration as a motion to alter or amend a judgment to correct manifest error under Federal Rule of Civil Procedure 59(e) or for relief from final judgment under Federal Rule of Civil Procedure 60(b). *See Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011) (noting the federal rules do not provide for "a self-styled motion to reconsider"). Rule 55(c) authorizes the Court to "set aside a final default judgment under Rule 60(b)," so the Court will focus there. *See also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (distinguishing "between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines"). Nichols is not entitled to any relief on this record. *Id.* (noting it has "rarely, if ever, excused the former").

First, her motion is untimely. Rule 60(c)(1) provides that a Rule 60(b) motion "must be made within a reasonable time." For grounds arising under Rule 60(b)(1), (2), or (3), the motion must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."[1] In evaluating excusable neglect under subsection (1), relevant "factors include 'the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *See In re Jones Truck Lines, Inc.*, 63 F.3d 685, 687 (8th Cir. 1995) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, Nichols's request comes nearly a year and half after the Court conducted the hearing and entered judgment in this case. Nichols was ostensibly aware of the hearing and simply chose not to attend or reach out to the Court at that time. Her largely unexplained delay in challenging a final judgment entered so long ago is not reasonable.

---

[1] Rule 60(b)(1) allows for relief for "mistake, fraud, surprise or excusable neglect." Subsection (2) applies to certain "newly discovered evidence," and subsection (3) applies to reasons arising from "fraud . . . , misrepresentation, or misconduct by an opposing party."

3

Second, Nichols's complaints about her former counsel and vague allegations of fraud do not warrant relief. Relief under Rule 60(b) requires the moving party to show "'exceptional circumstances' warranting 'extraordinary relief.'" *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam)); *see also Johnson*, 140 F.3d at 784. "It is not a vehicle for simple reargument on the merits," *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999), a means to avoid an attorney's purported ignorance, incompetence, or carelessness, *see Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005); *Sutherland v. ITT Cont'l Baking Co.*, 710 F.2d 473, 476-77 (8th Cir. 1983) (explaining that a plaintiff who voluntarily chooses his counsel cannot avoid the negative consequences of that free choice), or "a substitute for a timely appeal," *Young*, 806 F.2d at 806.

Rule 60(b) "is designed to prevent injustice by allowing a court to set aside the unjust results of litigation." *White v. Nat'l Football League*, 756 F.3d 585, 596 (8th Cir. 2014); *see also Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 372 (8th Cir. 1994) (describing the high standards a party must meet to obtain relief based on newly discovered evidence, fraud, misconduct, and "the interests of justice"). Nichols has not shown any injustice here. *See*, *e.g.*, *Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 369 (8th Cir. 2018) (concluding the lack of a good reason for delay and the absence of a meritorious defense warranted denying a defendant's "motion to reconsider under Rule 60(b)(1)"); *Int'l Bhd. of Elec. Workers v. Hope Elec. Corp.*, 293 F.3d 409, 415 (8th Cir. 2002) ("Rule 60(b) authorizes relief in only the most exceptional of cases.").

Because Nichols has "not pointed to any manifest errors of law or fact or demonstrated any exceptional circumstances that would justify" vacating the final judgment entered in this case almost a year and half ago (Filing Nos. 22, 23), *Perez v. Does 1-10*, 931 F.3d 641, 647 (8th Cir. 2019), her request for reconsideration (Filing No. 30) is denied.

IT IS SO ORDERED.

Dated this 11th day of March 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge